UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 23-cv-80852-Matthewman

LAZARO G. FIALLO,

    Plaintiff,

vs.

GATE GOURMET, INC.,

    Defendant.

_____/

FILED BY ___SW___ D.C.

Jan 11, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## ORDER GRANTING THE PARTIES' JOINT MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE [DE 26], APPROVING SETTLEMENT, AND DISMISSING ACTION WITH PREJUDICE

**THIS CAUSE** came before the Court upon Plaintiff Lazaro G. Fiallo's ("Plaintiff") and Defendant Gate Gourmet, Inc.'s ("Defendant") (collectively, "the parties") Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice ("Motion") [DE 26]. In the Motion, the parties seek an Order approving their settlement, dismissing the action with prejudice, and retaining jurisdiction to enforce the terms of the settlement for 30 days. *Id.* The parties also submitted for *in camera* review their executed Settlement Agreement and General Release.

The Court held a fairness hearing via Zoom video teleconference (VTC) on January 11, 2024, during which the Court heard from the parties' counsel regarding the fairness of the settlement of Plaintiff's claim alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The parties' counsel represented that the settlement is fair and reasonable and that Plaintiff and Defendant are in agreement with the terms of the settlement.

The Court has reviewed the Motion, the Settlement Agreement, and the entire file in this case, has considered all of the factors outlined in *Lynn's Food Stores, Inc. v. United States*, 679 F.

2d 1350, 1353 (11th Cir. 1982), and is otherwise fully advised in the premises. The Court finds that the settlement in this case represents a genuine compromise of a bona fide dispute, with all parties represented by competent counsel. Plaintiff is being paid an amount he believes he is owed well prior to the trial date. The parties have agreed to settle due to reasonable strategic and financial considerations. The Court further finds that the settlement, including the attorney's fees and costs, reached by the parties represents a reasonable, arm's length compromise by both sides and is fair and reasonable. Based on the foregoing, it is hereby

**ORDERED and ADJUDGED** as follows:

1. The Court finds the settlement of Plaintiff's FLSA claim to be fair and reasonable. The Court also finds that the Settlement Agreement meets the standard set forth in *Lynn's Food Stores, Inc.* Accordingly, the Motion [DE 26] is **GRANTED**.
2. The parties' settlement is **APPROVED**.
3. As requested by the parties in the Motion, the Court retains jurisdiction for 30 days from the date of this Order to enforce the terms of the parties' Settlement Agreement should such enforcement become necessary.
4. The above-style action is **DISMISSED WITH PREJUDICE**.
5. The Clerk of Court is directed to **CLOSE** this case.[1]

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 11th day of January 2024.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge

---

[1] The parties are free to file a motion to seal, as discussed at the hearing, even though the case is closed.